UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN GREAT LAKES | ) | |
| PORTS ASSOCIATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-2650 (CRC) |
| | ) | |
| v. | ) | |
| | ) | |
| ADMIRAL KARL SCHULTZ, | ) | |
| in his official capacity as Commandant, | ) | |
| United States Coast Guard, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ANSWER

Defendants Admiral Karl Schultz, in his official capacity as Commandant of the United States Coast Guard, and the United States Coast Guard (the "Coast Guard") hereby answer Plaintiffs' complaint for declaratory and injunctive relief (the "Complaint"), ECF No. 1, as follows:

The first unnumbered paragraph of the Complaint consists of Plaintiffs' characterization of this action, to which no response is required.

### NATURE OF THE ACTION

1.      This paragraph consists of Plaintiffs' characterization of this action, to which no response is required.

2.      The first sentence of this paragraph consists of Plaintiffs' characterization of a cited statute, to which no response is required. That statute speaks for itself and is the best evidence of its contents. Defendants refer the Court to the statute for a complete and accurate statement of its contents. Defendants deny the allegations in the remainder of this paragraph,

except admit that Great Lakes pilotage rates for the 2017 season were higher than those for the 2006 season.

3.      Defendants deny the allegations in this paragraph, except admit that the Final Rule increased pilotage rates for the 2018 season.

4.      Admitted.

5.      This paragraph consists of Plaintiffs' arguments and conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny.

6.      This paragraph contains Plaintiffs' requests for relief, to which no response is required.  To the extent a response is required, Defendants deny.  Defendants further specifically deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## PARTIES

7-15.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

16.     Admitted.

## JURISDICTION AND VENUE

17-18.  Defendants admit that the Coast Guard resides in the District of Columbia.  The remainder of these paragraphs consist of Plaintiffs' characterization of this action and conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A.      Regulatory Background**

19-20.  These paragraphs consist of Plaintiffs' characterization of certain statutes, to which no response is required.  The cited statutes speak for themselves and are the best evidence

of their contents.  Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

**B.      The 2018 Notice of Proposed Rulemaking and Final Rule**

21-23.  Admitted.

24.       Admitted.

25-26.  Denied.

27-29.  Admitted.

30-38.  These paragraphs contain Plaintiffs' characterization of a notice of proposed rule making for 2018 ("2018 NPRM"), to which no response is required.  The 2018 NPRM speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the 2018 NPRM for a complete and accurate statement of its contents.  Defendants admit that Plaintiffs challenged the Coast Guard's 2016 pilotage rate final rule as described in paragraph 31 of the Complaint, and that American Maritime Officers Union ("AMOU") labor contracts are multi-year collectively bargained contracts between AMOU and individual American vessel owners operating ships on the Great Lakes, as alleged in paragraph 33 of the Complaint.

39-41.  These paragraphs contain Plaintiffs' characterization of industry comments to the 2018 NRM, to which no response is required.  Those comments speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to those comments for a complete and accurate statement of their contents.

42.       This paragraph consists of Plaintiffs' characterization of the Final Rule, to which no response is required.  The Final Rule speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

43.     Defendants deny the allegations contained in paragraph 43, with the exception of the portions of this paragraph that consist of Plaintiffs' characterization of the Final Rule, to which no response is required.  The Final Rule speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

44-46.  These paragraphs consist of Plaintiffs' characterization of the Final Rule, to which no response is required.  The Final Rule speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

47.     Denied.

48.     This paragraph consists of Plaintiffs' characterization of industry comments, to which no response is required.  Those comments speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to those comments for a complete and accurate statement of their contents.

49.     This paragraph consists of Plaintiffs' characterization of the Final Rule, to which no response is required.  The Final Rule speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

50.     This paragraph consists of Plaintiffs' characterization of industry comments, to which no response is required.  Those comments speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to those comments for a complete and accurate statement of their contents.

51.     This paragraph consists of Plaintiffs' characterization of the Final Rule and final rules for previous years, to which no response is required.  Those rules speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to those rules for a complete and accurate statement of their contents.  Defendants deny the remaining allegations in this paragraph, except admit that, on June 5, 2018, Defendants knew the actual revenue for 2017.

52-53.  These paragraphs consist of Plaintiffs' characterization of industry comments, to which no response is required.  Those comments speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to those comments for a complete and accurate statement of their contents.

54.     This paragraph consists of Plaintiffs' characterization of the Final Rule, to which no response is required.  The Final Rule speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

55.     Defendants deny the allegations in this paragraph, except admit that actual pilot compensation data is not published.

56.     This paragraph consist of Plaintiffs' characterization of industry comments, to which no response is required.  Those comments speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to those comments for a complete and accurate statement of their contents.

57-58.  These paragraphs consist of Plaintiffs' characterization of the Final Rule, to which no response is required.  The Final Rule speaks for itself and is the best evidence of its contents.

## ALLEGED FIRST CLAIM

59.     Defendants repeat and reallege each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

60.     This paragraph contains Plaintiffs' conclusions of law and legal arguments, to which no response is required.  To the extent a response is required, Defendants deny.

## ALLEGED SECOND CLAIM

61.     Defendants repeat and reallege each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

62.     This paragraph contains Plaintiffs' conclusions of law and legal arguments, to which no response is required.  To the extent a response is required, Defendants deny.

## ALLEGED THIRD CLAIM

63.     Defendants repeat and reallege each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

64.     This paragraph contains Plaintiffs' conclusions of law and legal arguments, to which no response is required.  To the extent a response is required, Defendants deny.

## ALLEGED FOURTH CLAIM

65.     Defendants repeat and reallege each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

66.     This paragraph contains Plaintiffs' conclusions of law and legal arguments, to which no response is required.  To the extent a response is required, Defendants deny.

## ALLEGED FIFTH CLAIM

67.     Defendants repeat and reallege each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

68.    This paragraph contains Plaintiffs' conclusions of law and legal arguments, to which no response is required.  To the extent a response is required, Defendants deny.

The remaining paragraphs of the Complaint consist of Plaintiffs' prayer for relief, to which no response is required.  Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

* * *

Defendants deny each and every allegation in the Complaint not expressly answered or qualified above.

## AFFIRMATIVE DEFENSE

Defendants reserve their right to amend, alter and supplement the affirmative defense contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

The Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint with prejudice, at Plaintiffs' cost, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

Dated:  February 14, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:  /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendant*